**¶UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

DOLORES HUERTA FOUNDATION, et al.,

Plaintiffs,

v.

PANAMA-BUENA VISTA UNION SCHOOL DISTRICT, et al.,

Defendants.

CASE NO. 22-cv-00226-AWI-CDB

**ORDER DENYING MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL**

(Doc. No. 22)

Plaintiffs Dolores Huerta Foundation, Celeste Hernandez, Selena Maya Ramirez, Alexander Xavier Ramirez, and Lila Perez bring a motion to extend time to file a notice of appeal. Doc. No. 22. The motion has been fully briefed and deemed suitable for decision without oral argument pursuant to Local Rule 230(g). Doc. No. 26. For the reasons that follow, the motion will be denied.

**BACKGROUND**

This action was filed on February 22, 2022. Doc. No. 1. On February 23, 2022, Magistrate Judge Grosjean issued an order setting a mandatory scheduling conference. Doc. No. 5. The order stated:

> It is the obligation of counsel for the plaintiff(s) to serve a copy of this Order on the defendant(s), or, if identified, on their counsel, promptly upon receipt of this Order, and to file an appropriate proof of such service with the Court, in compliance with Rule 135(a) of the Local Rules of Practice for the Eastern District of California.

Id. at 2:2-5. Plaintiffs did not comply with that requirement. Doc. No. 23-1 at 2:5-7.

There was no docketed activity in this action, other than the Answer, between February 22,

2022 and June 9, 2022. Doc. No. 23 at 4:27-5:2; see also Doc. Nos. 1-8.

On June 9, 2022, Defendants Panama-Buena Vista Union School District and Panama-Buena Vista Union School District Board of Education filed motions to dismiss noticed for July 18, 2022 hearings. Doc. No. 8. Plaintiffs' opposition to the motions was due on June 23, 2022, but no opposition was filed to either motion. See Doc. Nos. 8-10. On June 30, 2022, Defendants filed a reply in further support of their motions seeking dismissal under Local Rule 230(c) and Rule 41(b) of the Federal Rules of Civil Procedure for failure to file an opposition. Doc. No. 10.

On July 7, 2022, Plaintiffs filed papers opposing Defendants' motions to dismiss and seeking leave to file late oppositions on the grounds of unspecified illness and on the grounds that the motions were "unexpected." Doc. No. 11 at 4:2-7. The Court granted leave for the late oppositions. Doc. Nos. 12-14.

On December 8, 2022, the Court issued an order dismissing Plaintiffs' claims with prejudice for mootness and closing this case. Doc. No. 19. Judgment pursuant to that order was entered by the Clerk of Court the same day. Doc. No. 20.

On January 9, 2023, Plaintiffs' attorney Scott Rafferty apparently attempted to file a notice of appeal. See Doc. No. 21. He paid the $505 appeal fee, but no notice of appeal was transmitted to the Clerk, posted to the docket or served on Defendants. See id. The same day, the Clerk's Office left a voicemail for Mr. Rafferty informing him that no document had been received in connection with the $505 appeal fee. See id.

On January 10, 2023, Mr. Rafferty received the following notice from the Court via email, referencing only the appeal fee:

> **Notice of Electronic Filing**
>
> The following transaction was entered on 1/10/2023 at 10:53 AM PST and filed on 1/9/2023
> **Case Name:** Dolores Huerta Foundation, et al v. Panama-Buena Vista Union School District, et al
> **Case Number:** 1:22-cv-00226-AWI-CDB
> **Filer:**
> **WARNING: CASE CLOSED on 12/08/2022**
> **Document Number:** 21(No document attached)
>
> **Docket Text:**
> **USCA APPEAL FEES received in the amount of $ 505.00 (Receipt # ACAEDC-10632854) from Rafferty Scott on 1/9/2023. (Lundstrom, T)**
> **1:22-cv-00226-AWI-CDB Notice has been electronically mailed to:**
> Christopher Elliott Skinnell     cskinnell@nmgovlaw.com, kharmon@nmgovlaw.com

Doc. No. 22-1 at 2:12-18; Doc. No. 24-1 at 4:6-16.

Mr. Rafferty did not contact the Clerk's Office in response to the January 9 voicemail or in response the January 10 email notification. Consequently, the $505 appeal fee was refunded to Mr. Rafferty on January 11, 2023. Doc. No. 21.

On January 26, Mr. Rafferty contacted the Clerk's Office because the notice of appeal still had not posted to the docket. Doc. No. 22-1 at 2:19-21. He was informed by the Clerk's Office that no notice of appeal had been received. Id.

On January 30, Mr. Rafferty filed the instant motion, seeking an order, pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), extending the time to appeal the December 8, 2022 order and judgment dismissing the case. Doc. No. 22 at 1:19-26.

**PLAINTIFF'S MOTION**

Plaintiffs argue that an extension of time is warranted because "the notice of appeal was timely and properly submitted," and it was not received by the Clerk (and, thus, not posted to the docket or served on Defendants) due to a "transmission error" involving the Court's electronic filing system, with no "user error." Doc. No. 22 at 1:19-26, 2:16-17, 3:3-7. According to Plaintiffs, "Defendants will not be prejudiced by the delay in commencing the appeal," and "evidence of counsel's attempt to submit a timely notice of appeal, and his prompt filing of this motion as soon as he learned that the document had not been received constitutes good cause or excusable neglect." Id. at 3:18-22.

Defendants argue in opposition that the motion should be denied because there is no dispute that the notice of appeal was not docketed or served, and there is no authority holding that merely paying an appeal fee constitutes notice of an appeal. Further, Defendants argue that Plaintiffs have provided "no evidence" of a glitch in the Court's electronic filing system. Doc. No. 23 at 4:2-17. According to Defendants, "good cause" for an extension is lacking because Plaintiffs have not shown that any aspect of providing notice of Plaintiffs' appeal was beyond Mr. Rafferty's control and Mr. Rafferty's failure to provide timely notice of the appeal is just another example of " 'garden variety' inattention of the type that has dogged this litigation and which courts consistently find to be inexcusable." Id. at 4:13-16, 12:3-9.

On reply, Plaintiffs seek to show that the fact that Mr. Rafferty paid the appeal fee proves that he filed the notice of appeal and that the notice of appeal was not processed due entirely to a technical glitch in the Court's electronic filing system, with no fault on Mr., Rafferty's part. See Doc. No. 24. Specifically, Mr. Rafferty attaches a declaration stating that an employee in the Clerk's Office "confirmed that it is not possible to pay an appeal fee except by filing a document as the notice of appeal and then being transferred to [] Pay.Gov" for payment. Doc. No. 24-1 at 2:16-19; 4:5-7. He also attaches various screenshots from an attempt he made on February 14, 2023 to recreate the filing process that supposedly shows that it is impossible to pay the appeal fee without filing a notice of appeal.[1] Id. at 1:25-2:5, 5-10.

**APPLICABLE LAW**

Federal Rule of Appellate Procedure 3(a)(1) provides that "[a]n appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4."[2] Fed.R.App.P. 3(a)(1). Rule 4(a)(1)(A) states that, except in certain circumstances not relevant here, "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed.R.App.Proc. 4(a)(1)(A). Finally, Rule 4(a)(5)(A) provides that a district court may extend the time to file a notice of appeal where (i) the motion for an extension is filed within 30 days of the Rule 4(a)(1)(A) deadline for filing a notice of appeal and (ii) the party seeking the extension "shows excusable neglect or good cause." Fed.R.App.P. 4(a)(5)(A).

The determination of whether neglect is "excusable" is "at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 395 (1993). In the Ninth Circuit, such determinations are made using the "four-part balancing test" established by the Supreme Court in

[1] Defendants object to the screenshots and Mr. Rafferty's description of his February 14 attempt to recreate the filing process for lack of relevance and on the grounds that the evidence is cumulative of evidence regarding Mr. Rafferty's initial attempt to file the notice of appeal on January 9. Doc No. 25 at 2:4-23. In the Court's view, the evidence in question is relevant to understanding the mechanics of filing a notice of appeal, which goes to the very heart of this motion, and it is not cumulative because it is intended to serve the unique purpose of ruling out error on Mr. Rafferty's part by validating his assertions as to what happened on January 9. Plaintiffs' objections to this evidence are therefore OVERRULED.

[2] Unless otherwise indicated, "Rule," as used henceforth, refers to the Federal Rules of Appellate Procedure.

*Pioneer Investment Services Company v. Brunswick Associates Ltd. Partnership*, under which courts consider (to varying degrees): (i) the danger of prejudice to the non-moving party, (ii) the length of delay, (iii) the reason for the delay, including whether it was within the reasonable control of the movant, and (iv) whether the moving party's conduct was in good faith. Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004) (citing Pioneer, 507 U.S. at 395); see id. at 861 ("*Pioneer* … gave us a four-part test for recognizing when admitted neglect—inadvertence, miscalculation, negligence, carelessness—can nonetheless be excused.") (Kozinski, J., dissenting). Of these four factors, the reason for the delay—that is, "the excuse given for the late filing"—has "the greatest import." Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000); see also Pincay, 389 F.3d at 861 ("[m]ost of the work … is done by factor three, the most important one") (Kozinski, J., dissenting) (citing Lowry, 211 F.3d at 463).

"Good cause," for its part, generally involves events beyond the control of the moving party and its counsel. Cf. Grow v. Garcia, 459 F. App'x 678, 679 (9th Cir. 2011) (affirming district court order denying appeal under Rule 4(a)(5)(A) where district court found that party seeking extension "failed to establish [] good cause based on events beyond counsel's control"); Gastelum v. Abbott Lab'ys, 2006 WL 3717388, at *2 (D. Ariz. Nov. 22, 2006) ("the excusable neglect standard applies in situations in which there is fault," while the "good cause standard applies in situations in which there is no fault ... [and] the need for an extension is usually occasioned by something that is not within the control of the movant" (quoting Advisory Committee Note to 2002 amendment to Rule 4(a)(5)) (internal quotation marks omitted)); Williams v. Adams, 2006 WL 1071962, at *1 (E.D. Cal. Apr. 24, 2006) (finding "good cause" for extension under Rule 4(a)(5)(A) where petitioner showed that filing delay was due to "prison transfers over which he ha[d] no control").

## DISCUSSION

The Court will first address arguments as to "excusable neglect" and then address "good cause."

### A. Excusable Neglect

1. Prejudice to the Non-Moving Party

The first of the four *Pioneer* factors concerns prejudice to the non-moving party. Defendant implicitly concedes (while noting some ill-effects of delayed notice) that risk of prejudice is not the most compelling basis for denying Plaintiffs' motion. See Doc. No. 23 at 13:9-14:18. Still, as Defendant points out, "[t]here is unlikely ever to be harm in the Rule 4(a)(5) setting," and numerous courts have denied appeal extensions despite lack of prejudice because the "word 'excusable' would be read out of [Rule 4(a)(5)(A)(ii)] if inexcusable neglect were transmuted into excusable neglect by a mere absence of harm." Prizevoits v. Indiana Bell Tel. Co., 76 F.3d 132, 134 (7th Cir. 1996); see also Grassroots v. City & Cnty. of San Francisco, 141 F.3d 1176 (9th Cir. 1998) (affirming denial of plaintiff's Rule 4(a)(5)(A) motion even though district court found that "the delay did not prejudice the defendants"); Gastelum, 2006 WL 3717388 at *3 (denying extension even though party opposing Rule 4(a)(5)(A) motion had not offered evidence "that would militate in favor of a finding of prejudice"); Price v. Gen. Cable Indus., 466 F.Supp.2d 610, 612 (W.D. Pa. 2006) (denying Rule 4(a)(5)(A) motion even though "nonmovants ha[d] not shown that leave to appeal *nunc pro tunc* would result in any prejudice"). Risk of prejudice, therefore, will be given little weight in the Court's analysis.

2. Length of Delay

The second *Pioneer* factor concerns length of delay. As set forth above, the deadline for filing a notice of appeal under Rule 4(a)(1)(A) was January 9. Mr. Rafferty attempted to file a notice of appeal on January 9, but the notice of appeal was not transmitted to the Clerk, posted to the docket or served on Defendants. Mr. Rafferty notified Defendants on January 26 that Plaintiffs intended to file an appeal, and Plaintiffs brought the instant motion for a filing extension on January 30.

On the one hand, two-and-a-half weeks is not an especially long period of time (particularly in the context of appeals), and Plaintiffs' motion was filed within the 30-day window allowed under Rule 4(a)(5)(A)(i), with a week or so to spare. However, the Rule 4(a)(5)(A)(ii) requirement that neglect be deemed "excusable" is distinct from—and additive to—the 30-day cut-off in Rule 4(a)(5)(A)(i). Thus, the mere fact that a motion is brought within the Rule 4(a)(5)(A)(i) window cannot logically weigh against a finding of "excusable neglect."

Here, the delay in taking corrective action was grossly disproportionate, in the Court's view, to the underlying issue, in that nothing more than a quick phone call to the Clerk's Office was required to ascertain whether the notice of appeal had been filed and to commence correction of any errors. Prompt resolution of the filing defect (whatever its cause) would have weighed in favor of Plaintiffs' motion, but the many days Mr. Rafferty allowed to pass before so much as inquiring as to the status of his filing lends itself to an inference that Mr. Rafferty was more concerned (when he finally got around to contacting the Clerk's Office) about preserving a possible Rule 4(a)(5)(A) motion than he was about minimizing deviation from the January 9 filing deadline and providing Defendants with timely notice of Plaintiffs' appeal. The Court therefore finds that the passage of two-and-a-half weeks between the filing (which is when Mr. Rafferty first had reason to suspect something might be wrong, see Doc. No. 22-1 at 2:12-18) and the date on which Mr. Rafferty finally inquired as to the status of his filing and contacted Defendants weighs against a finding of "excusable neglect."

3. Reason for Delay

The third—and most important factor—is Mr. Rafferty's reason for failing to provide Defendants with notice of Plaintiffs' appeal in a timely fashion. Mr. Rafferty contends, in essence, that he made no mistakes and that the notice of appeal was not processed, posted or served due solely to a glitch in the Court's electronic filing system. To support this argument, he provides a screenshot of his electronic document directory that appears to show that the notice of appeal had been drafted—and converted to PDF—on January 8, plus a sworn statement that he filed the notice of appeal on January 9. Further, he shows that he paid the appeal fee on January 9 and sets forth various evidence intended to demonstrate that it is impossible to pay the appeal fee without filing a notice of appeal. That evidence includes screenshots memorializing an attempt he made on February 14 to recreate the filing process he supposedly followed on January 9, and statements in his declaration to the effect that an employee in the Clerk's Office confirmed that it was not possible to pay an appeal fee without filing a notice of appeal.

Defendants object to portions of Mr. Rafferty's declaration pertaining to statements supposedly made by the Clerk's Office regarding the filing process. Doc. No. 25 at 2:15-3:5. The

Court agrees with Defendants that the statements are hearsay offered for the truth of the matter asserted in the statements and the objections are therefore sustained.[3] Fed.R.Evid. 801 & 802; Doc. No. 25 at 2:24-3:9. Further, the Court finds that neither the screenshots nor the description of the filing process provided by Mr. Rafferty prove—or convincingly corroborate—his assertion that it is impossible to pay an appeal fee without filing a notice of appeal. That evidence shows, at most, that uploading a notice of appeal to the Court's electronic filing system precedes payment of an appeal fee, but it does not show that it is necessary to complete the filing process (after initial upload) prior to making payment. Finally, the Court takes judicial notice of the fact that the CM/ECF filing process in question is commenced by uploading a notice of appeal, but the actual filing does not take place—and cannot take place—until after the appeal fee is paid on the separate Pay.gov site. See Johnson v. Astrue, 2009 WL 1748790, at *3 (E.D. Cal. June 18, 2009) ("the court takes judicial notice of its own CM/ECF procedures"); In re Phillips, 317 B.R. 518, 524 (B.A.P. 8th Cir. 2004), aff'd in part, 433 F.3d 1068 (8th Cir. 2006) (taking judicial notice of "CM/ECF administrative procedures"). In other words, the Court cannot credit Mr. Rafferty's representation that the filing of a notice of appeal must precede the payment of the appeal fee or his corollary contention that the mere payment of the appeal fee proves that a notice of appeal was filed.

In short, all indications are that Mr. Rafferty uploaded the notice of appeal to the Court's electronic filing system to commence the filing process but did not return to the Court's electronic filing system to complete the filing process after paying the appeal fee on the Pay.gov site. In and of itself, that relatively minor mistake could conceivably be deemed excusable. The problem, however, is that this filing error did not occur in isolation. See Pioneer, 507 U.S. at 395 (the determination of whether neglect is excusable "is at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission"). Mr. Rafferty failed, at the inception of this case, to serve the scheduling order, in defiance of a Court order and violation of Local Rules and the Federal Rules of Civil Procedure. He then missed the deadline for opposing

[3] Evidentiary objections of Defendants' part, other than those expressly addressed herein, pertain solely to matter that the Court did not have reason to consider in deciding this motion. Those objections are OVERRULED as moot. Doc. No. 25 at 3:10-6:9.

Defendant's motions to dismiss by more than two weeks without a compelling excuse. And in keeping with this general pattern of dereliction, he not only made a filing error in connection with the notice of appeal (after waiting until the last possible day to file) but failed to demonstrate anything approximating reasonable vigilance after that filing error occurred.

The Clerk's Office left a voicemail for Mr. Rafferty on the day he attempted to file informing him that no notice of appeal had been received. The "Notice of Electronic Filing" that was sent to Mr. Rafferty through the CM/ECF system the following day showed that "APPEAL FEES" had been received but did not reference any notice of appeal. Mr. Rafferty admits that he was aware by January 10 that the notice of appeal had not posted to docket. Doc. No. 22 at 2:1-13. And on January 11, 2023, the Clerk's Office refunded the appeal fee.

Any one of these facts should have been more than sufficient to prompt Mr. Rafferty, as a licensed professional with duties to the Court and his clients, to take immediate steps to confirm that the notice of appeal had been received. He did not do so. Instead, he compounded his error by waiting two-and-a-half weeks to make further inquiry as to the status of the filing and by making representations to this Court as to the functionality of the CM/ECF system—and his role in the filing error—that are at odds with observable fact.

In sum, the "neglect" in question here is not simply Mr. Rafferty's failure to complete the filing process after paying the appeal fee on January 9. Mr. Rafferty's neglect also includes: (i) failing to take timely corrective action even though he was plainly on notice (from multiple sources) of a likely error; and (ii) the suspect nature of his account as to what went wrong with the January 9 filing. Especially given Mr. Rafferty's other transgressions in this case, the Court can only find that the filing went awry—and remained incomplete for as long as it did—due to underlying disregard on Mr. Rafferty's part for this Court, applicable rules of procedure, and the Defendant's rights as an involuntary litigant to timely, reliable notice and the expeditious resolution of this dispute. That weighs heavily against a finding that Mr. Rafferty's neglect was "excusable."

4. <u>Good Faith</u>

The fourth and final *Pioneer* factor has to do with good faith. Given the facts of this case,

the good faith analysis overlaps with and largely parallels the foregoing analysis as to why Mr. Rafferty failed to provide notice of Plaintiffs' appeal for so long. The Court sees no indication that Mr. Rafferty intentionally failed to complete the notice of appeal filing, but at the same time, his failure to take prompt remedial action, the liberties he has taken with facts relating to the filing process, and the other procedural missteps he has made in this case reflect, at a minimum, recklessness on his part. The Court, therefore, cannot find that the delay in providing notice of the appeal occurred despite good faith on Mr. Rafferty's part.

For the foregoing reasons, the Court finds that this was not a case of "excusable neglect." See Pincay, 389 F.3d at 855.

**B. Good Cause**

As set forth above, Plaintiffs have not provided persuasive evidence of a technical problem with the CM/ECF system. All indications are that Mr. Rafferty uploaded the notice of appeal to start the filing process on January 9 but failed to return to the Court's electronic filing system (as required) to complete the filing after making payment on the Pay.gov site. In other words, this was not a case, as Mr. Rafferty claims, of system error. Further, nothing prevented Mr. Rafferty from following up on the filing with the Clerk's Office or otherwise taking prompt action to ensure Defendants' received notice of Plaintiffs' appeal in a somewhat timely fashion.[4] In short, Plaintiffs have not shown that the delay in providing notice of their appeal was beyond Mr. Rafferty's control and thus, the Court cannot find "good cause" for a filing extension. See Grow, 459 F. App'x at 679.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to extend time to file a notice of appeal will be denied.

//

//

//

---

[4] Plaintiffs' contention that "[t]he docket entry acknowledging that the appeal fee had been received provided the essential notice that plaintiffs were appealing the judgment," see Doc. No. 22 at 3:11-13, has no merit since, *inter alia*, the appeal fee was refunded two days later.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion to extend time to file a notice of appeal (Doc. No. 22) is DENIED.

Further, IT IS HEREBY ORDERED that no party may file any additional motion in this closed case without prior leave from the Court.

IT IS SO ORDERED.

Dated: March 6, 2023

SENIOR DISTRICT JUDGE